IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JEFFREY ALLAN CAPO, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Civil Action No. 2:17-1280 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 10 and 12]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 11 and 13]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion [ECF No. 12] is denied and Plaintiff's Motion [ECF No. 10] is granted.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about December 20, 2013. [ECF No. 8-7 (Ex. 2D)]. He alleged that he was disabled due to depression, hypertension, vision problems, anxiety, high cholesterol, motor skills problems, and

sleep apnea, and he contends that he has been unable to work since November 1, 2013.[1] [ECF No. 8-8 (Ex. 2E); ECF No. 8-7 (Ex. 11D)]. Id. Administrative Law Judge ("ALJ") Michael S. Kaczmarek held a hearing on January 14, 2016, at which Plaintiff was represented by counsel. [ECF No. 8-3 at 40-65]. Plaintiff appeared at the hearing and testified on his own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 60-64. In a decision dated April 6, 2016, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. ECF No. 8-2 at 21-35. On August 15, 2017, the Appeals Council denied Plaintiff's request for review. Id. at 1-4. Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 10 and 12]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler,

---

[1] In his initial application, Plaintiff claimed an alleged onset date of January 1, 2007. [ECF No. 8-7 (Ex. 2D)]. At the administrative hearing, Plaintiff amended his alleged onset date to November 1, 2013, which corresponded to the initiation of psychological treatment. [ECF No. 8-7 (Ex. 11D); ECF No. 8-13 (Ex. 9F); ECF No. 8-2, at 21]. Plaintiff also had filed an application for Disability Insurance Benefits ("DIB") under Title II of the Act, but the DIB claim was dismissed because he no longer had disability insured status as of the amended onset date. [ECF No. 8-2, at 21; ECF No. 8-7 (Ex. 11D)]. Plaintiff does not challenge the dismissal of his DIB claim.

786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from

performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

### B. Evaluation of Medical Opinion Evidence Regarding Mental Impairments

At step two of the analysis, the ALJ found that Plaintiff had severe impairments, including major depressive disorder and recurrent and generalized anxiety disorder. [ECF No. 8-2, at 24]. At step three of the analysis, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 24-26. He further found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but had the following nonexertional limitations: he is limited to performing routine repetitive tasks at SVP 1 or 2 levels; he must work in a static low stress environment that involves only simple decisions and infrequent changes; those changes that do occur would be explained and/or demonstrated and could be learned in 30 days or less; the work must not be fast-paced or have strict production or time quotas; and there should be only occasional public interaction. Id. at 26.

Plaintiff asserts that the ALJ failed to properly evaluate the medical opinion evidence regarding his mental impairments in formulating Plaintiff's RFC. [ECF No. 11 at 3-17]. Specifically, Plaintiff argues that ALJ failed to assign appropriate weight to the opinions of his treating psychologist, Tod Marion, Ph.D., M.P.H. Id. After careful consideration, I agree with Plaintiff that remand is necessary.

The amount of weight accorded to medical opinions is well-established. Generally, the opinions of a claimant's treating physicians are entitled to substantial and, at times, even controlling weight. 20 C.F.R. § 416.927(c).[2] To be entitled to controlling weight, however, the treating physician's opinion must be well supported by medical techniques and consistent with the other substantial evidence of record. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). To determine the weight of a treating physician's opinion, the ALJ may consider a number of factors, including consistency, length of treatment, corroborating evidence, and supportability. 20 C.F.R. § 416.927. As the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § 416.927[(c)](2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Soc. Sec. Admin., 403 F. App'x 679, 686 (3d Cir. 2010). Although the ALJ

---

[2] Although the regulations governing the evaluation of medical evidence were recently amended, the version effective March 27, 2017, does not apply to the present claim. See 20 C.F.R. § 416.927 (2017); 20 C.F.R. § 416.920c (2017).

may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009).

Plaintiff contends that the ALJ erred in failing to evaluate the medical opinion evidence from treating psychologist Tod Marion in accordance with the regulations, Agency policy, and Third Circuit precedent. [ECF No. 11 at 3-17]. Of the multiple arguments Plaintiff raises in this regard, the strongest involves the ALJ's alleged failure to include certain limitations set forth in Dr. Marion's March 2014 opinion in the RFC finding.

On or about March 18, 2014, Dr. Marion completed a medical source statement concerning Plaintiff's ability to do work-related activities. [ECF NO. 8-11 (Ex. 3F)]. The medical source statement opined, inter alia, that Plaintiff had no limitations on his ability to understand, remember, and carry out simple instructions or to make judgments on simple work-related decisions; and moderate limitations on his ability to understand, remember, and carry out complex instructions or to make judgments on complex work-related decisions. Id. The statement also opined that Plaintiff had mild limitations on his ability to interact appropriately with the public and moderate limitations on his ability to interact appropriately with supervisors and co-workers and to respond appropriately to usual work situations and to changes in a routing work setting. Id. In his opinion, the ALJ expressly gave "significant weight" to the March 18 "mental assessment that [Plaintiff] had the capacity to understand and carry out simple instructions and make simple work-related decisions with *moderate limitations interacting appropriately with the public, co-workers and supervisors* and responding appropriately to work situations and changes." [ECF No. 8-2 at 32 (emphasis added)]. As Plaintiff observes, however, the RFC finding does not include any obvious limitations on Plaintiff's interaction with co-workers or supervisors. See id.

at 26 (RFC finding limiting Plaintiff, inter alia, to only occasional public interaction, but containing no similar restrictions as to Plaintiff's interactions with supervisors and/or co-workers).

Plaintiff correctly argues that the ALJ's RFC finding appears inconsistent with his acceptance of Dr. Marion's moderate limitations, specifically, the moderate limitation on interactions with supervisors and/or co-workers.  Although the ALJ is entitled to reject limitations that are unsupported by the record, he must provide the reasons for discounting that evidence.  Because the ALJ's opinion is unclear as to whether he accounted for all of Dr. Marion's moderate limitations in his mental RFC finding or rejected some of those limitations in whole or in part, remand is necessary on this issue.  On remand, the ALJ must clarify his findings with respect to the moderate limitations on Plaintiff's ability to interact appropriately with supervisors and co-workers contained in Dr. Marion's March 2014 opinion and explain how, if at all, his RFC finding accounts for such limitations.[3]  In remanding this case, I make no findings as to whether Plaintiff is or is not disabled.  I simply find that I cannot properly evaluate the ALJ's opinion on the record before me.[4]

---

[3] Defendant's Opposition fails to meaningfully address this issue.  First, Defendant cites the proposition that an ALJ is not required to accept a treating physician's opinion uncritically.  [ECF No. 13 at 13].  Although a correct statement of law, this observation ignores the fact that the ALJ in this case did not discount the portion of Dr. Marion's opinion at issue.  To the contrary, the ALJ specifically gave significant weight to Dr. Marion's moderate limitation on interaction with supervisors and co-workers.  Second, Defendant unartfully suggests any error in this regard is harmless because "the jobs identified by the VE are 'not significant' in involving taking instructions."  Id.  In addition to the conclusory nature of this argument, it is unclear how "taking instructions" is the same as interacting with co-workers and supervisors.

[4] Plaintiff raises various other arguments in his brief regarding the weighing of medical opinion evidence. [ECF No. 11 at 3-17].  For example, Plaintiff contends that the ALJ failed to evaluate a May 2014 report by Dr. Marion, that the ALJ failed to provide "good/specific/supported" reasons for rejecting Dr. Marion's December 2014 opinion, and that that Dr. Marion's opinions establish that Plaintiff is disabled.  Id.  Since I am remanding as set forth in detail above, I need not consider the details of these arguments at this time. A remand may produce different results on these claims, making discussion of them unnecessary and/or moot.  For purposes of clarity, however, I note that, the ALJ specifically considered the May 2014 report at issue and its contents in his opinion.  [ECF No. 8-2 at 28-29, 31-32 (citing Ex. 4F)].  Unlike the March and December reports, the May 2014 document does not contain a medical source statement opining on Plaintiff's ability to perform work-related activities.  [ECF No. 8-11 (Ex. 4F)].  In addition, the contents of

C.   **Consideration of Supportive Living Environment**

Plaintiff contends that the ALJ erred as a matter of law by failing to consider Plaintiff's "supportive living environment," *i.e.*, his residence with his mother, in evaluating his limitations and formulating his RFC.  [ECF No. 11 at 17-20].  Although, again, the ALJ will reconsider all of the record evidence on remand, this argument appears to be without merit.  As an initial matter, it is unclear how the regulations and guidelines in effect at the time of Plaintiff's hearing support Plaintiff's contention that his living situation with his mother constituted a supportive living environment as contemplated by social security law.  [ECF No. 13 (Def.'s Opp. Br.) at 14-16].  Moreover, and in any event, the ALJ plainly considered Plaintiff's living situation with his mother throughout his opinion and in formulating his RFC.  [ECF No. 8-2 at 26-32].  For all of these reasons, I find no error in this regard.

### III.   CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options.  It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration.  42 U.S.C. § 405(g) (sentence four).  In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial

---

the May 2014 report are incorporated verbatim into Dr. Marion's December 2014 report, which Plaintiff does not dispute the ALJ considered.  I further point out that in weighing medical opinions, the ultimate issue of whether an individual is disabled within the meaning of the Act is for the ALJ to decide. Thus, the ALJ is not required to afford any weight to a statement by a medical source that a plaintiff is disabled or unable to work. 20 C.F.R. § 416.927(d).  Moreover, State agency opinions merit significant consideration.  As set forth above, when the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence.  See Morales, 225 F.3d at 317.  Finally, the standard is not whether there is evidence to support Plaintiff's position, but, whether there is substantial evidence to support the ALJ's finding.  The ALJ must consider these and all other applicable regulations and guidelines on remand.

evidence because, in discussing his RFC findings, the ALJ failed to address adequately the mental health limitations contained in Dr. Marion's March 2014 report, despite giving those restrictions significant weight. The case therefore is remanded for further consideration in light of this Opinion. In remanding on the points herein, I make no findings as to whether Plaintiff is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied to that same extent. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY ALLAN CAPO,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action No. 2:17-1280

AMBROSE, Senior District Judge

# ORDER OF COURT

AND NOW, this 13th day of November, 2018, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 10] is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 12] is DENIED.

                        BY THE COURT:

                        /s/ Donetta W. Ambrose
                        Donetta W. Ambrose
                        U.S. Senior District Judge